**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-10742
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KIM RENEE YOUNG

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-34-ALL

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kim Renee Young pleaded guilty to bank fraud in violation of 18 U.S.C. § 1344. She was sentenced to a 64-month term of imprisonment, a five-year term of supervised release, $568,356.11 in restitution, and a $100 special assessment. Young challenges the district court's denial of a reduction in her base offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. She contends that she (1) truthfully admitted the conduct comprising the offense;

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2) truthfully admitted or did not falsely deny any additional relevant conduct; and (3) timely manifested acceptance of responsibility, entering her guilty plea before trial. She argues that the court should not have withheld the two-level adjustment for acceptance of responsibility merely because the court rejected her mitigation argument that her former boss also was involved in the offense.

An appellate court's review of a sentence must start with the issue whether the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." *Gall v. United States*, 128 S. Ct. 586, 597 (2007). We review the district court's interpretation and application of the Guidelines de novo and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). A finding that a defendant has not accepted responsibility is examined "under a standard of review even more deferential than a pure clearly erroneous standard." *United States v. Cano-Guel*, 167 F.3d 900, 906 (5th Cir. 1999) (internal quotation marks and citation omitted). We will affirm the denial of a downward adjustment for acceptance of responsibility under § 3E1.1 unless the denial is without foundation. *United States v. Solis*, 299 F.3d 420, 458 (5th Cir. 2002).

The testimony at the sentencing hearing and the facts set forth in the presentence report support the finding that Young's allegation that her former boss was involved in the offense was false. A defendant's attempt to minimize conduct provides a sufficient foundation for the denial of a reduction for acceptance of responsibility. *United States v. Cabrera*, 288 F.3d 163, 175-77 (5th Cir. 2002). The district court's denial of the downward adjustment for acceptance of responsibility was not without foundation. *See Solis*, 299 F.3d at 458. Young has not shown that the district court clearly erred in denying a reduction for acceptance of responsibility. *See Cano-Guel*, 167 F.3d at 906.

AFFIRMED.